FILED IN DISTRICT COURT
OKLAHOMA COUNTY

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

OCT - 7 2019

RICK WARREN
COURT CLERK

40_____

| | | |
|---|---|---|
| **JONAS HILOHA JACOB** | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No.: CJ-19-5648 |
| vs. | ) | |
| | ) | Stallings |
| **THE COUNTY COMMISSIONERS OF** | ) | |
| **OKLAHOMA COUNTY, OKLAHOMA** | ) | |
| **Defendant** | ) | |

## PETITION FOR NEGLIGENCE

COMES NOW Plaintiff, JONAS HILOHA JACOB, by and through his attorney of record, Kevin R. Kemper of Norman, Oklahoma, hereby to petition this Honorable Court for legal and equitable relief because of the negligence of the County of Oklahoma, the State of Oklahoma ("Defendant"), specifically the Oklahoma County Jail and Sheriff's Office, that resulted in the partial loss of a foot and related injuries and damages, including pain and suffering.  This Petition is pursuant to the Governmental Tort Claims Act, 51 Okla. Stat. Ann. §§151-200.  In support of said Petition, Plaintiff alleges and states:

### STATEMENT OF FACTS

1.     Plaintiff Jonas Hiloha Jacob has been a resident of Moore, Oklahoma, in Cleveland County for the past four months, but had been a resident of Oklahoma City, Oklahoma, in Oklahoma County, before and after the incidents in question.

2.     Defendant is the Commissioners of the County of Oklahoma in the State of Oklahoma.

3.     Jurisdiction and venue are proper in this Court as the wrongdoing and the Defendant are in Oklahoma County, Oklahoma.

FILED IN OFFICE
COUNTY CLERK

OCT 15 2019

DAVID B. HOOTEN, County Clerk, Okla. Cnty
_____ Deputy

4.      On or about late December of 2017 until January of 2018, Defendant was incarcerated in the Oklahoma County Jail relating to the criminal case in the District Court of Oklahoma County, *State v. Jacob,* CF-2016-680.

5.      On or about January 9, 2018, Jacob lost his right big toe and a connecting bone while hospitalized at St. Anthony's Hospital in Oklahoma City, Oklahoma.  He was incoherent at times and did not completely come to his senses for at least two weeks.  He awakened to learn of the extent of this new disability.

6.      For several months subsequent, Jacob was in and out of hospitals for that and other issues.

7.      While Plaintiff was incarcerated in the Oklahoma County Jail, Defendant failed to provide reasonable and adequate care of a sore on his foot and related diabetes that led to the amputation.

8.      In one instance, an unknown medical doctor looked at the sore quickly and prescribed an antibiotic with sulfa in it, but Defendant is allergic to sulfa.  Thus, Defendant developed rash and related symptoms.  The sore was not treated as a complication of diabetes.

9.      In another instance, when his blood sugar was low, Defendant could not walk.  Another unnamed doctor looked him and noticed he been sweating.  Rather than checking and adjusting Defendant's blood sugar, the doctor only gave him a pitcher of water for the sweating..

10.     In another instance, unnamed wound care nurses quit seeing Defendant for the worsening sore on his foot, though he was supposed to see them twice a week for care.

These nurses said he was "alright," though the sore bled so badly that he left bloody footprints on the floor of the cell.

11.     At that point, he was moved to another cell, and volunteers were sought to help him out.

12.     In other instances, the medical team at the Jail refused to administer prescribed metformin and gabapentin to treat Defendant's diabetes.

13.     At times, even other prisoners yelled loudly for staff to come treat Defendant. Those yells and cries were ignored.

14.     Then, Defendant was not able to attend a hearing set for January 5, 2018, because deputies finally had taken him to St. Anthony's Hospital in Oklahoma City.

15.     During that time, County deputies guarded Defendant while he was in the hospital.

16.     Then, on January 8, 2018, Defendant was released from custody on a medical oral recognizance bond.

17.     Upon information and belief, Defendant was released from custody on January 8, 2019, so that Defendant would not have to pay for his medical care and be in its custody during the amputation.

18.     In fact, on the day when he was dumped into the hospital on a medical oral recognizance bond, deputies told Defendant that they did not want the judge to see his medical condition.

19.     On or about January 9, 2018, doctors amputated part of Defendant's foot where the sore had worsened.

20.    Defendant stayed about three weeks at St. Anthony's and then was transferred to Hillcrest Hospital in Oklahoma City, where he stayed about a month.

21.    During that time, Defendant was incapacitated and unable to understand fully what had happened to him, as he was prescribed morphine and Percocet.

22.    When he awakened from the drug-induced state, Defendant realized the injury that had occurred.

23.    Since then, Defendant has endured pain and suffering, as well as difficulties with walking, even with the aid of devices and people.

24.    This loss occurred because medical providers and deputies at the Oklahoma County Jail failed at least on four separate occasions to provide adequate care for a wound on his foot, as he is diagnosed as diabetic, and then in one instance had failed to get him to the hospital in a reasonable amount of time.

25.    These five separate incidents each caused the injuries and damages incurred by the Defendant.  That is, but for the incidents of negligence, Defendant could have received adequate treatment and not lost part of a foot and experienced related damages and injuries.

26.    On or about January 8, 2019, Counsel faxed a written Notice of Claim with the Clerk of the County of Oklahoma, as per the requirements of 51 O.S. §156 and County regulations.  *See* attached Plaintiff's Exhibit A.

27.    On or about January 9, 2019, the Clerk's office confirmed receipt.

28.    No response has been received from Defendant, which functions as a denial under 51 O.S. §157.

29.     Again, the amputation occurred on or about January 9, 2018.  This Petition is filed on this date, as the 90 calendar days for response and 180 calendar days for a claim after January 8, 2019, had expired on October 6, 2019.  As that was a Sunday, this Petition has been filed today, the first business day after October 7, 2019.  Even so, Defendant could have had more time to file because of his times of incapacity and delay of the ability to discover his true condition during and after the incidents in question.

WHEREFORE, premises considered, Plaintiff demands Judgment against Defendant for at least the statutory limit of One-Hundred and Seventy-Thousand Dollars ($175,000) times at least five specific incidents, or at least Eight-Hundred and Seventy-Five Thousand Dollars ($875,000), plus interest, and costs, including reasonable attorney fees. Plaintiff reserves the right to supplement and/or amend this pleading if necessary to conform to any subsequently ascertained evidence.

RESPECTFULLY SUBMITTED this day, the 7th day of October, 2019,

BY:     *Kevin R. Kemper*

KEVIN R. KEMPER, OBA # 32968
The Law Office of Kevin R. Kemper
P.O. Box 2879
Norman, OK 73070
(405) 404-4938
kemperlawoffice@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF MAILING

This is to certify that on or about the day of filing, a true and correct copy of the above and foregoing was served by the Oklahoma County Sheriff or sent via Certified United States Mail, postage prepaid, with Return Receipt requested, to the following:

The Office of the Commissioners of Oklahoma County
320 Robert S. Kerr Ave, #101
Oklahoma City, OK 73102

*Kevin R. Kemper*

KEVIN R. KEMPER

## VERIFICATION

**STATE OF OKLAHOMA**            )
                                 )      **ss.**
**County of Oklahoma**           )

Jonas Hiloha Jacob, being of lawful age and first duly sworn upon oath, deposes and

states:

1.      I, Jonas Hiloha Jacob, have read the above and foregoing Petition and am familiar

        with the contents thereof.

2.      That the allegations stated therein are true and correct to the best of my

        knowledge.

JONAS HILOHA JACOB
Moore, Oklahoma

Subscribed and sworn before me this 7th day of October, 2019

NOTARY PUBLIC

My Commission Number:

My Commission Expires:

PLAINTIFF'S EXHIBIT A

## Kevin R. Kemper, Ph.D., LL.M., Attorney-at-Law
The Law Office of Kevin R. Kemper
PO Box 2879, Norman, OK 73070
Phone: (405) 404-4938, Fax (405) 561-4031, dr2k@protonmail.com
Licensed: Oklahoma, OBA#32968; Osage Nation Bar Assoc., #212;
Blackfeet Tribal Court.; Chickasaw Nation Bar Assoc., Absentee Shawnee Tribal Court

January 8, 2019
**URGENT & CONFIDENTIAL transmitted by fax and Certified U.S. Mail**

> TO:    David B. Hooten, Oklahoma County Clerk, 320 Robert S. Kerr, Room 203, Oklahoma City, OK 73102, fax (405) 713-7171
>
> CC:    Aaron Etherington, Assistant District Attorney, Oklahoma County, 320 Robert S Kerr Ave, Room #505, Oklahoma City, OK 73102, fax (405) 843-5005
>
> RE:    Government Torts Claims Act claim for Jonas Hilhoa Jacob

Halito, Mr. Hooten,

My client is Jonas Hilhoa Jacob, 5401 Drexel Ave., Oklahoma City, OK 73119, DOB 5/23/66, SSN 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. On or about January 9, 2018, Mr. Jacob lost his right big toe and a connecting bone while hospitalized at Hillcrest Health Center in Oklahoma City, Oklahoma. He was incoherent at times and did not completely come to his senses for days. He awakened to learn of the extent of this new disability. **This loss occurred because medical providers and deputies at the Oklahoma County Jail failed at least four times to provide adequate care for a wound on his foot, as he is diagnosed as diabetic, and then failed to get him to the hospital quickly.** He was in jail serving some time in CF-2016-680, *State v. Jacob.* In fact, on the day when he was dumped into the hospital on a medical oral recognizance bond, deputies told him that they did not want the judge to see his condition. While incarcerated, other inmates would yell and call for help for Mr. Jacob because of the stinking and disgusting wound that received inadequate care. Often he was refused. When providers in jail saw him, the care was grossly inadequate. This letter hereby provides **Mr. Jacob's claim under the Oklahoma Governmental Torts Claims Act (OCTA) against Oklahoma County for at least five acts of professional negligence and/or medical malpractice under Oklahoma law.** *See* 51 O.S. §§151 *et seq.* After your statutory deadline, if you do not grant our claim, we will file a lawsuit against Oklahoma County and certain individual employees and officials. Again, Mr. Jacob was denied sufficient in-jail medical care at least four times, and then taking him to the hospital was delayed. Ignoring his emergency needs led directly to and caused him to have to lose part of his foot, which exacerbated his pre-existing disability. To this day, he has a hard time walking, even with devices and help. He experiences profound pain and suffering. We are investigating as to whether this lack of care had been because he is Choctaw Indian – it is widely claimed that prisoners of color in Oklahoma County are treated (or, in this case, not treated) differently. Regardless, **we hereby demand payment under the GTCA of $175,000 times at least five instances of negligence, medical malpractice, and/or other tortious behavior, or $875,000, as well as attorney fees and costs.** Also, I called your office last week; one of your workers informed me that you no longer have a form for these claims and I should send a letter and that we should not expect to receive an answer. I would be glad to update any information you may require, as I am guided only by the statutes in what to provide. *See e.g., id.* at §156, A form would help. What would help more is to make right by my client, Jonas Hilhoa Jacob.

Yakoke,

*Kevin R. Kemper*
Kevin R. Kemper, Esq.



## REQUEST FOR DISTRICT ATTORNEY LEGAL SERVICES

THIS FORM IS TO BE USED TO REQUEST ADVICE AND/OR REPRESENTATION FROM THE DISTRICT ATTORNEY'S OFFICE REGARDING THE COUNTY OF OKLAHOMA, COUNTY OFFICIALS AND EMPLOYEES AS REQUIRED BY SECTIONS 215.4, 215.5, 215.25 AND 215.26 OF TITLE 19 OF THE OKLAHOMA STATUTES.

IF ADVICE IS SOUGHT, THE REQUEST MUST BE SIGNED BY AN ELECTED COUNTY OFFICER. THIS FORM MUST BE FILLED OUT AND SUBMITTED TO THE CIVIL DIVISION OF THE OKLAHOMA COUNTY DISTRICT ATTORNEY'S OFFICE IN A TIMELY MANNER. ALL RESPONSES TO REQUESTS FOR ADVICE WILL BE IN WRITING.

IF THE REQUEST IS FOR LEGAL REPRESENTATION UNDER 19 O. S. SECTION 215.25, THE REQUEST MUST BE SUBMITTED IN WRITING EARLY ENOUGH TO PERMIT THE DISTRICT ATTORNEY'S OFFICE ADEQUATE TIME TO COMPLETE A THOROUGH "GOOD-FAITH-AND-COURSE-OF-EMPLOYMENT" INVESTIGATION AS CONTEMPLATED BY 19 O.S. SECTION 215.26.

*DATE OF REQUEST:* __10 / 16 / 19__ .
*COUNTY DEPARTMENT MAKING REQUEST:*

*STATE WITH SPECIFICITY, WHAT THE REQUEST IS AND WHY THE ASSISTANCE OF THE DISTRICT ATTORNEY'S OFFICE IS NEEDED:*
__Case No. CJ 2019-5648 Petition__
_____
_____
_____
_____
_____

*ATTACH ADDITIONAL DOCUMENTS AS APPROPRIATE.* **(NOTE:** Advice, reviews and approvals as to "form and legality" are based on the documentation and information provided to the District Attorney's Office. Please provide all relevant information when requesting an opinion or review from the District Attorney's Office**).**

...........................................................................................................................................

*DATE RECEIVED BY DISTRICT ATTORNEY:* _____

*REPLY BY DISTRICT ATTORNEY:* _____
_____
_____
_____
_____
_____

**DAVID W. PRATER
DISTRICT ATTORNEY**

**By:** _____

Revised 2007

